UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WANG, GAO & ASSOCIATES, P.C.
Jeremy Jackson, Esq.
36 Bridge Street
Metuchen, NJ 08840
Telephone: (732) 767-3020
Facsimile: (732) 343-6880
*Attorney for Defendant*

| | |
|---|---|
| LAIFUNG LEE, : <br> : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> YAMATO SUSHI, LLC; JEFF ZHANG; : <br> BRYAN LIN; LIU SEAN ZHI JIAN; JOHN : <br> DOES 1-10; and XYZ CORP. 1-10, : <br> : <br>     Defendants. : <br> : | Civil Action No. <br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff Laifung Lee ("Lee"), by and through her attorneys, files this complaint against Defendant Yamato Sushi LLC.

## INTRODUCTION

1. Plaintiff Lee brings this action charging that the Defendant violated his rights under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA); the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and the New Jersey Wage and Hour Law (the "NJWHL"), seeking to recover lost wages, and additional amounts as liquidated damages, emotional distress, punitive damages, reasonable attorney's fees and costs, as a result of being discriminated against on the basis of an actual and/or perceived disability.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court as this action involves a Federal Question pursuant to 28 U.S.C. §§ 1331 and 1343, under the FLSA and the FMLA. The Court has supplemental jurisdiction over Plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367 as such claims are derived from a common nucleus of operative facts.

3. Venue is proper in this district based upon Plaintiff's residency within New Jersey, within the District of New Jersey pursuant to 28 U.S.C. § 1391.

4. This case is governed under the laws of New Jersey as the Plaintiff worked in New Jersey tending to Defendants' business needs.

## PARTIES

5. At all times material, Plaintiff Lee was and continues to be an individual who resides in State of New Jersey.

6. Defendant Yamato Sushi, LLC ("Yamato") is a limited liability company which is incorporated and does business in the state of New Jersey.

7. Defendant JEFF ZHANG ("Zhang") is one of the owners, shareholders, and General Managers of Yamato Sushi, LLC.

8. Defendant BRYAN LIN ("Lin") is one of the owners, shareholders, and General Managers of Yamato Sushi, LLC.

9. Defendant LIU SEAN ZHI JIAN ("Jian") is one of the owners, shareholders, and General Managers of Yamato Sushi, LLC.

10. Defendants JOHN DOE 1-10 are defendants whose identities are currently unknown but who are owners or shareholders in Yamato Sushi, LLC and other entities that employed Plaintiff.

11. Defendants XYZ CORP. 1-10 are defendant corporations whose identities are currently unknown but who employed or owned the restaurants where Plaintiff was employed.

12. At all times material, Defendant Yamato Sushi LLC was an enterprise that was engaged in interstate commerce or in the production of goods for interstate commerce.

13. At all times material, Defendant Yamato Sushi LLC was and is a corporation which operates and provides restaurant services in and around the State of New Jersey and whose gross revenues exceed $500,000.

14. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce.

**MATERIAL FACTS**

15. Plaintiff began working at Midori 3 restaurant in Princeton, New Jersey, a restaurant owned and operated by Defendants, in November 2011, as a waitress.

16. At all times material, Defendants were directly responsible for scheduling all of Plaintiff's shifts and rate of pay.

17. Plaintiff generally worked eleven and a half (11.5) hours per day, from 10:30 am to 10 pm, five days a week.

18. Plaintiff was given a base salary of $20 per day, plus tips.

19. Plaintiff was hired on a full time basis throughout the course of her employment at Midori 3.

20. Plaintiff regularly worked more than 57 hours per week.

21. In or around February of 2013, Plaintiff began working at Yama Sushi in Manalapan, New Jersey, in the same position.

22. Yama Sushi which is another restaurant owned and operated by Defendants.

23. Before Plaintiff began work at this restaurant, Plaintiff was guaranteed by the restaurant to receive a minimum of $3,500 per month.

24. Thus, if Plaintiff made more than $3,500 in a month, Plaintiff would be permitted to keep her additional money, but if the Plaintiff did not make more than $3,500, the restaurant would pay Plaintiff the difference between $3,500 and what Plaintiff actually earned that month.

25. Plaintiff did not receive this money arrangement until October of 2014, about a year and a half into Plaintiff's employment at Yama Sushi.

26. While working for Yama Sushi, Plaintiff worked 7 days per week from 10:30 am to 11 pm (12.5 hours), from the beginning of her employment until August 2016, when Plaintiff began to take Wednesdays off.

27. In or around December of 2016, Plaintiff complained of headaches to Defendant Zhang.

28. On December 30, 2016, Plaintiff went to the emergency room due to nose bleeds and high blood pressure, but returned to work later that day for the restaurant's New Year's Event.

29. Plaintiff was docked a half day's pay for her hospital visit and failure to come to work in the morning hours.

30. On January 1, 2017, Plaintiff was admitted to the hospital for high blood pressure, nose bleeds, and headaches.

31. Plaintiff stayed in the hospital until she was discharged on January 4, 2017.

32. On January 3, 2017, Plaintiff sent a text message to Zhang stating that Plaintiff was in the hospital with a severe ailment.

33. The next day, on January 4, 2017, Plaintiff was terminated by Defendants.

**COUNT I: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

34. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

35. Section 2612 of the Family Medical Leave Act ("FMLA), states in pertinent part:

    "Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 work weeks of leave during any 12-month period for one or more of the following:
    (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
    (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
    (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
    (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

36. Plaintiff had an emergency serious health condition.

37. Such health condition falls within the statute that grants an employee leave under the FMLA.

38. Defendants own multiple restaurants that employ more than fifty (50) employees.

39. Plaintiff gave proper notice of Plaintiff's emergency medical circumstances to Plaintiff's employer.

40. Defendants violated Plaintiff's FMLA rights by failing to provide Plaintiff with appropriate leave thereunder.

41. As a result of the acts and conduct complained of, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

42. As a result of Defendants' unlawful action, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment in his favor, declaring that Defendants violated the FMLA, together with punitive damages, compensatory damages, prejudgment interest, post-judgment interest, attorneys fees, costs, and such other relief the court deems is fair and equitable.

## COUNT II: INTERFERENCE & RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

43. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

44. Section 2615 of the Family Medical Leave Act, states in pertinent part:

    "(a) Interference with rights
    (1) Exercise of rights
    It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
    (2) Discrimination
    It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

45. Defendants interfered with Plaintiff's rights under the above section by discharging Plaintiff when she attempted to exercise her rights under the FMLA.

46. Defendants also retaliated against Plaintiff by discharging Plaintiff from her employment for opposing Defendants' unlawful employment practice and for exercising her rights.

47. As such Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment in her favor, declaring that Defendants violated the FMLA, together with punitive damages, compensatory damages, prejudgment interest, post-judgment interest, attorneys fees, costs, and such other relief the court deems is fair and equitable.

## COUNT III: VIOLATION OF THE FAIR LABOR STANDARDS ACT - MINIMUM WAGE

48. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

50. Plaintiff does not meet the standard for any of the FLSA minimum wage exemptions.

51. Defendants failed to pay a wage greater than the minimum wage to Plaintiff for all hours worked.

52. As a result of defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 206.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

54. Due to defendants' FLSA violations, Plaintiff is entitled to recover from defendants their unpaid compensation plus liquidated damages reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216 (b).

**WHEREFORE**, Plaintiff demands judgment in her favor, declaring that Defendants violated the FLSA, together with compensatory damages, liquidated damages, prejudgment interest, post-judgment interest, attorneys fees, costs, and such other relief the court deems is fair and equitable.

## COUNT IV: VIOLATION OF THE FAIR LABOR STANDARDS ACT - OVERTIME

55. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

57. Plaintiff does not meet the standard for any of the FLSA overtime exemptions.

58. At all relevant times, Defendants had a policy and practice of refusing to pay compensation to Plaintiff for hours worked in excess of forty hours per workweek.

59. As a result of Defendants' willful failure to compensate Plaintiff at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per work week, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and 215(a).

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands judgment in her favor, declaring that Defendants violated the FLSA, together with compensatory damages, liquidated damages, prejudgment interest, post-judgment interest, attorneys fees, costs, and such other relief the court deems is fair and equitable.

### COUNT V: VIOLATION OF NEW JERSEY WAGE AND HOUR LAW- MINIMUM WAGE

62. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. At all relevant times, Plaintiff was employed by defendants within the meaning of the Jew Jersey Wage and Hour Law, N.J.S.A. 34:11-56a1 and 56a4.

64. Defendants willfully violated Plaintiff's rights by failing to pay her compensation in

excess of the statutory minimum wage in violation of the New Jersey Wage and Hour law, N.J.S.A. 34:11-56a4 and their regulations.

65. Due to Defendants' New Jersey Wage and Hour Law violations, Plaintiff is entitled to recover from defendants his unpaid compensation and may be able to recover costs and reasonable attorneys fees.

**WHEREFORE**, Plaintiff demands judgment in her favor, declaring that Defendants violated the NJWHL, together with compensatory damages, post-judgment interest, attorneys fees, costs, and such other relief the court deems is fair and equitable.

### COUNT VI: VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW- OVERTIME

66. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. At all relevant times, Plaintiff was employed by defendants within the meaning of the Jew Jersey Wage and Hour Law, N.J.S.A. 34:11-56a1 and 56a4.

68. Defendants willfully violated Plaintiff's rights by failing to pay her compensation of one-and-a-half times Plaintiff's regular hourly wage for all hours of working time in excess of 40 hours in any week, in violation of the New Jersey Wage and Hour law, N.J.S.A. 34:11-56a4 and their regulations.

69. Due to Defendants' New Jersey Wage and Hour Law violations, Plaintiff is entitled to recover from defendants his unpaid compensation and may be able to recover costs and reasonable attorneys fees.

**WHEREFORE**, Plaintiff demands judgment in her favor against Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by the FMLA, FLSA, and the NJWHL when Defendants discriminated against, created a hostile work environment and retaliated against Plaintiff.

B. Declaring that the Defendants intentionally caused Plaintiff to become emotionally distressed.

C. Awarding damages to the Plaintiff, retroactive to the date of his discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice.

D. Awarding Plaintiff compensatory damages for Defendants' failure to pay minimum wage and overtime wages in accordance with the FLSA and the NJWHL;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

H. Awarding Plaintiff prejudgment and post-judgment interest;

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Dated: June 14, 2017

/s/ Heng Wang, Esq.
Heng Wang, Esq.
Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
(t): (732) 767-3020
(f): (732) 343-6880
heng.wang@wanggaolaw.com
*Attorneys for Plaintiff Laifung Lee*